## Linton and Wife *v.* Mosgrove and others.

*(Circuit Court, W. D. Pennsylvania.* November Term, 1882.)

EQUITY—ENJOINING PROCEEDINGS IN STATE COURTS.

> Section 720 of the Revised Statutes, which forbids United States courts to grant injunctions to stay proceedings in a state court, does not restrain the circuit court from enjoining an inequitable use of a trust judgment in a state court by execution and levy, prosecuted in violation of the trust and in fraud of the rights of the *cestui que trust.*

In Equity.

ACHESON, D. J.   The subject-matter of this suit is a trust of real and personal property, evidenced by an instrument of writing executed by the trustee, James E. Brown, defendants' testator.   The surviving *cestui que trust* is Mrs. Linton, one of the plaintiffs, in whose behalf the suit is prosecuted.   Beyond question the case presented by the bill is of equitable cognizance, and it is equally clear that in virtue of the citizenship of the parties this court has jurisdiction of the controversy.

It is alleged that the judgments in the state court recited in the bill belong to the trust, and that Mrs. Linton is now the owner thereof under the terms of the trust; and one of the prayers of the bill is to have the trust in respect to said judgments judicially declared and enforced in favor of Mrs. Linton, and the judgments assigned to her.   To this relief, it would seem, she will be entitled if the allegations of the bill are sustained.   We are now asked to restrain the defendants, until further order, from exercising any acts of ownership over the said judgments, or in anywise interfering with the same.   If the plaintiffs' allegations are true, the defendants—the personal representatives of James E. Brown, deceased—are making a most inequitable and unwarrantable use of the judgments by means of executions and levies, in violation of the trust, and in fraud of the rights of Mrs. Linton.

Is this court powerless to arrest such wrong by reason of the statutory provision which forbids the courts of the United States to grant injunctions to stay proceedings in a state court?   Rev. St. § 720.

I am of opinion that the case is not within the purview of the prohibition.   It is not proposed to interfere with the rightful authority of the state court in any proper sense.   The contest here relates to the ownership of the judgments.   It is alleged, and for the purpose of this motion it may be assumed to be satisfactorily shown, that they

belong to Mrs. Linton; and, if so, the defendants have no right to intermeddle with them. If these judgments appertain to the trust which is the foundation of this suit, they are an inherent part of the controversy, and must enter into our final decree if complete justice is to be done; and strange indeed would it be were this court impotent to restrain a trustee subject to our general equitable jurisdiction from making a fraudulent use of a trust judgment standing in a state court. Surely there can be no such defect in our judicial system.

Under the admissions in the defendant's affidavits I think the present motion should be allowed without requiring security. By virtue of the judgments of revival and the execution attachments, every possible lien against the entire estate, real and personal, of the late Mrs. Finlay has been acquired. Should the controversy not terminate within five years from the date of the revival of the judgments, we will allow *alias* writs of *scire facias* to issue.

The injunction prayed for is allowed, the same to remain in force until the further order of the court.